08-6182-cr
United States v. Owad

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
         GERARD E. LYNCH
                  *Circuit Judges*,
         MARK R. KRAVITZ,
                  *District Judge*.\*

_____

UNITED STATES,
                  *Appellee*,

         - v. -                                    (08-6182-cr)

CHRISTINE OWAD,
                  *Defendant-Appellant*.

_____

Appearing for Appellant:    ARZA FELDMAN, Feldman and
                            Feldman, Uniondale, New York.

Appearing for Appellee:     PAUL D. SILVER and JOSHUA
                            VINCIGUERRA, Assistant United
                            States Attorneys, *for* Andrew T.
                            Baxter, United States Attorney

---

\* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

1

for the Northern District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

On October 17, 2007, Defendant-Appellant Christine Owad entered a plea of guilty for a violation of 18 U.S.C. § 641. On December 8, 2008, Owad was sentenced to a fifteen-month term of imprisonment, to be followed by three years of supervised release. Owad now challenges the special conditions imposed as terms of her supervised release and the district court's order that she pay restitution for her crimes. Specifically, Appellant argues that the district court erred in requiring that she participate in a mental health program and in the computer restriction and monitoring program, and that the district court failed to adequately consider her financial circumstances and the mandatory factors set forth in 18 U.S.C. § 3664(f)(2) in imposing its restitution order. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When, as in this case, the Appellant failed to challenge the imposition of a condition of supervised release before the district court, this Court reviews the propriety of the conditions for plain error. *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). We have, however, "[o]n occasion, . . . reviewed unobjected to sentencing errors without rigorous application of plain error standards." *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002). We have held that relaxation of the plain error standard was warranted when "the challenged condition of supervised release was not recommended in the PSR." *Id.* Even under a relaxed plain error standard of review, we conclude that the district court did not commit error — plain or otherwise — in imposing the challenged special conditions of supervised release or in setting the schedule for Appellant's payment of restitution.

District courts have "broad discretion to tailor conditions of supervised release." *United States v. Gill*, 523 F.3d 107, 108 (2d Cir. 2008) (per curiam). In order to fall within this broad discretion, a condition of supervised release must involve "no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes

3

of sentencing," *id.* at 109 (internal quotation marks and citation omitted), must be "consistent with pertinent Sentencing Commission policy statements, *id.*, and must be "reasonably related to the factors set forth in section[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d)(1).

A district court is permitted to "require as a special condition of [supervised release] that a defendant participate in a mental health program '[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment.'" *United States v. Peterson*, 248 F.3d 79, 84 (2d Cir. 2001) (per curiam) quoting U.S.S.G. § 5B1.3(d)(5)). The condition requiring that Owad participate in a mental health program was reasonably related to her "history and characteristics." 18 U.S.C. § 3553(a)(1).

Imposition of the special condition requiring that Appellant participate in the computer restriction and monitoring program was not error. We have held that "[r]estrictions on Internet use may serve several sentencing objectives, chiefly therapy and rehabilitation, as well as the welfare of the community (by keeping the offender away

4

from an instrumentality of his [or her] offenses)." *United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006). Here, the district court stopped short of imposing an outright ban on Appellant's use of computers and the Internet. *Cf. id.* at 282. The special condition is reasonably related to "the nature and circumstances of the offense," the need to "afford adequate deterrence to criminal conduct," and the need to "protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), and (a)(2)(C).

The district court properly ordered that restitution was due and payable immediately and set a schedule for Appellant to make the required payments. Under a deferential standard of review, *see United States v. Amato*, 540 F.3d 153, 159 (2d Cir. 2008), we find the district court's order proper. In imposing a restitution order, the district court is not required to "explicitly recite that she had considered the mandatory factors." *United States v. Nucci*, 364 F.3d 419, 421 (2d Cir. 2004). There is nothing in the record that indicates that the district court failed to consider the appropriate factors in requiring Owad to adhere to the payment schedule it devised in connection with

5

its restitution order. *See United States v. Fiore*, 381 F.3d 89, 98 (2d Cir. 2004). To the contrary, the court's statements that it based the restitution amount on Owad's "overall financial resources and assets," and that it declined to require a fine based upon "the restitution order and [Owad's] financial situation," are sufficient for us to find that it considered the relevant factors. *See United States v. Mortimor*, 52 F.3d 429, 436 (2d Cir. 1995). We therefore affirm.

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

For the Court
Catherine O'Hagan Wolfe, Clerk