07-0284-cr
USA v. Gill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: April 9, 2008                                    Decided: April 17, 2008)

Docket No. 07-0284-cr

UNITED STATES OF AMERICA,

     *Appellee*,

     v.

CHARLES H. GILL,

     *Defendant-Appellant.*


Before: CABRANES, SOTOMAYOR, and WESLEY, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the District of Vermont

(William K. Sessions III, *Chief Judge*), challenging two special conditions of supervised release imposed

by the District Court.

Affirmed

> ROBERTA YERKES HORTON, Law Student Intern[*] (Joseph R.
> Perella, Gregory L. Waples, Assistant U.S. Attorneys, on
> the brief), U.S. Attorney's Office for the District of
> Vermont, Burlington, VT, *for Appellee United States of
> America.*
>
> MICHAEL L. DESAUTELS, Federal Public Defender, Burlington,
> VT, *for Defendant-Appellant Charles H. Gill.*

---

[*] Pursuant to Local Rule 46(e), eligible law students may appear before this Court and participate in oral argument.

PER CURIAM:

Plaintiff-appellant Charles H. Gill appeals from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Chief Judge*), convicting him, pursuant to a guilty plea, of one count of making false statements relating to a health care matter in violation of 18 U.S.C. § 1035 and sentencing him principally to fifteen months' imprisonment followed by three years of supervised release. On appeal, Gill challenges two of the special conditions of supervision imposed by the District Court: (1) "The defendant shall not engage in the business of counseling for the period of supervision"; and (2) "The defendant shall make restitution payments in connection with the 1996 restitution order imposed in the District of Maine until the financial obligation is paid in full."

The parties agree that Gill did not challenge these special conditions of supervised release before the District Court but dispute whether Gill received notice of the conditions before they were imposed. This disagreement is relevant only to whether we review Gill's claim for plain error or "entertain his challenge without insisting on strict compliance with the rigorous standards of [plain error review]." *United States v. Sofsky*, 287 F.3d 122, 125-26 (2d Cir. 2002). We need not resolve this dispute, however, because, for the reasons stated below, we see no error whatsoever in the District Court's imposition of the challenged conditions of supervised release.

We have recognized that "courts have broad discretion to tailor conditions of supervised release." *United States v. Myers*, 426 F.3d 117, 124 (2d Cir. 2005) (citation and internal quotation marks omitted). "A sentencing court may impose special conditions of supervised release that are 'reasonably related' to certain statutory factors governing sentencing, 'involve[] no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *Id.* at 123-24 (quoting 18 U.S.C. § 3583(d)). Among the relevant statutory factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct,"

and the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C); *see also* U.S.S.G. § 5D1.3(b) (listing same factors). Furthermore, "[a] condition of supervised release need only be reasonably related to any one of these factors." *United States v. Dupes*, 513 F.3d 338, 344 (2d Cir. 2008).

Turning first to the special condition barring Gill from engaging in the business of counseling, we observe that Section 5F1.5 of the United States Sentencing Guidelines authorizes a sentencing court to impose an occupational restriction as a condition of supervised release provided that there is "a reasonably direct relationship . . . between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction" and the "imposition of such a restriction is reasonably necessary to protect the public." The District Court found that Gill was in "positions of providing treatment, medical and mental health treatment, when not qualified, and he gets there by way of making false representations" and that he had "been engaged in this kind of conduct for years . . . [and, as a result, had been] in and out of court on a number of occasions." It is manifest from these findings that (1) Gill's unlawful conduct was linked to his occupation, (2) a restriction on Gill's propensity to provide mental health counseling that he was unqualified to perform was "reasonably necessary" to protect the public, and (3) the restriction was no greater than necessary to protect the public from Gill's conduct. Because the imposition of this restriction comports with Section 3583(d) and the relevant provision of the Sentencing Guidelines, about which there is nothing unreasonable, we find no error in the District Court's decision to impose it.

With respect to requiring Gill to continue making restitution payments arising from his prior conviction, we see no error in the District Court's decision to impose this special condition of supervision. Pursuant to 18 U.S.C. § 3583(d), a special condition of supervised release is permissible—even if it relates to a prior crime—provided that the condition is reasonably related to the defendant's history and characteristics, or is imposed to deter or punish the defendant, or to protect the community. *See Dupes*, 513 F.3d at 344 (upholding conditions of supervised release relating to prior sex

3

offense conviction that were imposed pursuant to a securities-fraud conviction). Here, the District Court determined that requiring Gill to continue making restitution payments to the victims of his prior offense constituted "a very strong punishment . . . and also a requirement that [Gill] be accountable for his . . . crimes." In addition, the Court expressed concern that the victims of Gill's earlier fraud "end up being paid back for the frauds that have been perpetrated upon them." In light of "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1)—including Gill's long history of fraudulent dealings, multiple convictions, and numerous victims—the District Court's determination that, as a special condition of supervised release, Gill continue making restitution payments is consistent with Section 3583(d), and we see no error in the imposition of this special condition of supervised release. *See United States v. Love*, 431 F.3d 477, 483 (5th Cir. 2005) (holding that Section 3583(d) authorizes a "court to order compliance with a previously existing order" of restitution as a condition of supervised release); *cf. United States v. A-Abras Inc.*, 185 F.3d 26, 33 (2d Cir. 1999) (upholding a condition of supervised release requiring the defendant to pay a fine previously imposed by the City of New York); U.S.S.G. § 5D1.3(c)(4) (recommending the imposition of a condition requiring the defendant to "comply[] with the terms of any court order . . . requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living").

Accordingly, we see no error—plain or otherwise—in the District Court's imposition of the conditions of supervised release challenged on this appeal. We therefore AFFIRM the judgment of the District Court.