14-3951-cr
United States v. Keith

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          REENA RAGGI,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

----------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

                v.                                        No. 14-3951-cr

KYLE KEITH,

                    *Defendant-Appellant.*

----------------------------------------------------------------

APPEARING FOR APPELLANT:     MARY ANNE WIRTH, Bleakley Platt & Schmidt, LLP, White Plains, New York.

APPEARING FOR APPELLEE:      STEVEN D. CLYMER, Assistant United States Attorney (Edward R. Broton, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 16, 2014, is AFFIRMED in part and VACATED and REMANDED in part.

Defendant Kyle Keith, who pleaded guilty to one count of misusing a social security account number, see 42 U.S.C. § 408(a)(7)(B), and one count of aggravated identity theft, see 18 U.S.C. § 1028A(a)(1), appeals from the supervised release component of his sentence insofar as it restricts his use of computers. We generally review the district court's imposition of a condition of supervised release for abuse of discretion unless the defendant failed to object to the condition below, in which case our review is for plain error. See United States v. Green, 618 F.3d 120, 122 (2d Cir. 2010). We assume the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision.

"[C]ourts have broad discretion to tailor conditions of supervised release" pursuant to 18 U.S.C. § 3583(d), United States v. Gill, 523 F.3d 107, 108 (2d Cir. 2008) (internal quotation marks omitted), provided that those conditions are "'reasonably related' to certain statutory sentencing factors listed in section 3553(a)(1) and (a)(2) of that title, 'involve[] no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and [are] consistent with pertinent Sentencing Commission policy statements," United States v. Dupes, 513 F.3d 338, 343 (2d Cir. 2008) (quoting 18 U.S.C. § 3583(d)). The statutory factors to which a special condition

2

of supervised release must reasonably relate include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct," and (3) the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C); see also United States v. Gill, 523 F.3d at 109.

Keith challenges two conditions in particular. Challenged special condition 8 states, in relevant part, that Keith "shall not use or possess any computer or any other device with online capabilities, at any location, except at the defendant's place of employment, unless [he] participates in the Computer Restriction and Monitoring Program"; and challenged special condition 9 states that "[i]f the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation officer, at the defendant's place of employment, provided the defendant notifies [his] employer of: (1) the nature of the defendant's conviction; and (2) the fact that the defendant's conviction was facilitated by the use of the computer." J.A. 94.

Keith faults condition 8 for not making clear whether it (1) permits him to use computers only at his place of employment, but nowhere else, and only then if his work computer is subject to monitoring; or (2) permits unmonitored computer use at his place of employment and monitored computer use at other locations. We are not persuaded. Although conditions of supervised release must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited," they must also "be read . . . in a commonsense way." United States v. Balon, 384 F.3d 38, 43 (2d Cir. 2004) (internal

3

quotation marks omitted). Here, a commonsense reading of condition 8 makes clear that Keith is permitted to use a computer at locations other than his place of employment, but requires him to submit to monitoring when using a computer "at any location, except at [his] place of employment." J.A. 94 (emphasis added). This is reinforced by condition 9, which imposes distinct requirements on Keith's use of a computer at his place of employment.

Keith's contention that condition 8 is not reasonably related to his history and characteristics is similarly unavailing. The record before the district court established that numerous images of child pornography were retrieved from Keith's computer in the course of the investigation leading to his present convictions. While Keith maintained that the images had been placed on his computer by someone else, see J.A. 76–77, the district court found that his explanation was not credible, see J.A. 85–86 (explaining that district court found information in Presentence Investigation Report more credible than "representations made . . . in court"). We afford this credibility determination "substantial deference," United States v. Norman, 776 F.3d 67, 78 (2d Cir. 2015), and conclude that requiring Keith to submit to monitoring of his non-employment use of a computer was appropriately tailored to this history to deter Keith's future online procurement of child pornography, see United States v. Dupes, 513 F.3d at 344 (concluding that, in sentencing defendant for securities fraud, district court was authorized to impose special conditions of supervision related to defendant's history as a sex offender); cf. United States v. Peterson, 248 F.3d 79, 82–84 (2d Cir. 2001) (concluding that total prohibition on computer use was not reasonably related to

4

defendant's prior incest conviction). Accordingly, we identify no abuse of discretion in the district court's imposition of special condition 8 and, thus, need not resolve the parties' dispute as to whether Keith properly preserved the challenge for appellate review.

As to condition 9, Keith argues that conditioning his computer use at work on his advising his employer of the nature of his conviction and its facilitation by use of a computer bears no reasonable relationship to the nature and circumstance of his offense, the need to deter criminal conduct, or the need to protect the public from further crimes. We note that condition 9 requires no notification to an employer of Keith's use of a computer in connection with child pornography; it requires notice only of computer use to facilitate the crime of conviction. The government, however, concedes the lack of any record "that Keith's offenses of conviction—misuse of a Social Security account number and aggravated identity theft in connection with his application for a credit card—were facilitated by use of a computer." Appellee Br. 32. Nevertheless, it argues that condition 9 reasonably requires Keith to inform his employer that his "criminal assumption of a false identity . . . involved the use of a computer," Appellee Br. 32 (emphasis omitted), because Keith's Presentence Investigation Report indicates that documents bearing the assumed false name were retrieved from Keith's computer. The record does not permit us to conclude with confidence that the district court intended for condition 9 to be construed as the government urges, nor can we readily discern the district court's rationale for requiring such disclosure in light of apparent inconsistencies in the government's position on appeal as to whether Keith "used" a computer in the

5

commission of his offense. Accordingly, we vacate special condition 9 and remand for the district court to consider further what, if any, condition for employer notice is required in this case and to clarify the reasons for any such condition.[1]

We have considered all of Keith's arguments and except as indicated we found them to be without merit. For the foregoing reasons, we AFFIRM in part and VACATE and REMAND in part consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Because we remand for further consideration of special condition 9 on this ground, we need not consider Keith's contention that this condition's requirements are unclear in the event of his future self-employment. Any such concerns are more appropriately addressed when and if Keith pursues self-employment. See 18 U.S.C. § 3583(e)(2) (permitting court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release"); United States v. Balon, 384 F.3d at 47 (explaining that "Section 3583(e) allows modification of conditions of supervised release to account for new or unforeseen circumstances" (internal quotation marks omitted)); accord United States v. Kyles, 601 F.3d 78, 86 (2d Cir. 2010).