17-356-cr
*U.S. v. Lombardi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand eighteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Appellee*,

            v.                                          17-356-cr

PETER LOMBARDI,
                *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                BRADLEY T. KING, Assistant United States
                            Attorney (Amy Busa, Assistant United States
                            Attorney, *on the brief*), for Richard P.
                            Donoghue, United States Attorney for the
                            Eastern District of New York, Brooklyn, New
                            York.

FOR DEFENDANT-APPELLANT:        YUANCHUNG LEE, Federal Defenders of
New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings.

Defendant-appellant Peter Lombardi appeals from the district court's January 31, 2017 judgment, entered upon his guilty plea, convicting him of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and sentencing him principally to 36 months' imprisonment and seven years of supervised release. Lombardi challenges four conditions of his supervised release as overly intrusive, including a special condition requiring him to notify future employers that he was convicted of a computer-related offense. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On June 29, 2016, Lombardi, then an automotive mechanic, pleaded guilty to a violation of 18 U.S.C. § 2252(a)(4)(B) for possessing thousands of images and videos of child pornography on his laptop and external hard drive. Lombardi was a first-time offender with no history of criminal conduct. While released on bail, Lombardi searched for legal teen pornography on his laptop, violating a condition that barred him from using a computer or accessing the Internet except for employment purposes. In November 2016, as a result of that violation, he was remanded into custody.

- 2 -

On January 27, 2017, the district court sentenced Lombardi to 36 months' imprisonment. During sentencing, the court expressly accepted the assertion that Lombardi did not present a risk of harming children or engaging in further criminal conduct, but recognized it was "not clairvoyant" as to whether Lombardi would view child pornography in the future. App. 139.

As part of the terms of Lombardi's supervised release, the court imposed all nine special conditions recommended by Probation. As relevant to this appeal, Special Condition 6 requires Lombardi to "notify his employer of his computer related offense if his job requires computer access with Internet capability." App. 157. Lombardi's counsel objected to this condition as overly burdensome, explaining that the requirement "would prohibit him from working, as employers are not forgiving, if he says it is a computer-related offense." App. 146. The district court, however, agreed with Probation that Probation should be empowered to monitor any computer accessible to Lombardi to ascertain his compliance with the supervised release conditions.

Special Condition 2 requires that Lombardi "not associate with any child(ren) under the age [of] 18, unless a responsible adult is present and he has prior approval from the Probation Department." App. 157. Standard Condition 6 requires Lombardi to "allow the probation officer to visit [him] at any time at [his] home or elsewhere." App. 156. Under Standard Condition 12, "[if] the probation officer

determines that [Lombardi] pose[s] a risk to another person (including an organization), the probation officer may require [Lombardi] to notify the person about the risk." App. 156. Lombardi did not object to Special Condition 2 or either of the standard conditions at sentencing.

Judgment was entered on January 31, 2017. This appeal followed.

We review the imposition of conditions of supervised release for abuse of discretion. *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010). We review legal issues arising from the imposition of such conditions *de novo*, and every error of law constitutes an abuse of discretion. *Id.* When a defendant fails to object to a condition, we typically review for plain error, but we may "relax the otherwise rigorous standards of plain error review" under certain circumstances, such as where a defendant lacked prior notice of the challenged condition. *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002).

A district court may impose a condition of supervised release "that is 'reasonably related' to several of the statutory factors governing the selection of sentences, 'involves no greater deprivation of liberty than is reasonably necessary' for several statutory purposes of sentencing, and is consistent with Sentencing Commission policy statements." *Id.* at 126 (quoting 18 U.S.C. § 3583(d)). Among the relevant statutory factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal

- 4 -

conduct," and the need "to protect the public from further crimes of the defendant."  18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C); *see also United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (per curiam).  "While district courts have broad discretion to tailor conditions of supervised release, that discretion is not unfettered," and we will "carefully scrutinize conditions that may be excessively harsh or inexplicably punitive."  *United States v. Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017) (citations omitted).

A district court may impose an occupational restriction, including an employer notification condition, "only if it determines that: (1) a reasonably direct relationship existed between the defendant's occupation . . . and the conduct relevant to the offense of conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted."  U.S.S.G. § 5F1.5(a); *see United States v. Peterson*, 248 F.3d 79, 83, 85-86 (2d Cir. 2001) (per curiam).  Both requirements must be satisfied: even where there is an "obvious" relationship between the restriction and the defendant's occupation, a "court is not to impose" the restriction "unless it finds" the second requirement is satisfied as well.  *United States v. Doe*, 79 F.3d 1309, 1322-23 (2d Cir. 1996).

In *Jenkins*, which we decided after the sentencing in this case, we struck two special conditions similar to Special Conditions 6 and 2.

First, we struck a special condition requiring that the defendant "notify his prospective employer of the nature of his conviction and the fact that his conviction was facilitated by the use of a computer" if his employment involved a computer because the relationship between the restriction and his offense was not "readily apparent." *Jenkins*, 854 F.3d at 181, 187, 195. In the instant case, the "reasonably direct relationship," *Peterson*, 248 F.3d at 83 (quoting U.S.S.G. § 5F1.5(a)), between Lombardi's occupation as an automotive mechanic and his child pornography offense is also not "readily apparent," *Jenkins*, 854 F. 3d at 195. As far as we can discern, the only connection is that Lombardi used a computer to commit his offense, and he is likely to need to use a computer in his work as an automotive mechanic. Lombardi did not, however, use a work computer to commit his crime nor, indeed, was his crime connected in any way to his occupation. *Cf. Peterson*, 248 F.3d at 83 ("Although a defendant might use the telephone to commit fraud, this would not justify a condition of probation that includes an absolute bar on the use of telephones."). Nor does the record establish that Lombardi "will continue to engage in unlawful conduct similar to that for which [he] was convicted." *Id.* (quoting U.S.S.G. § 5F1.5(a)). To the contrary, the district court did not think that Lombardi "represents a risk to society in the sense that he's likely to engage in further criminal conduct." App. 139. And the conduct that led to Lombardi's bail violation, while perhaps objectionable, was not in itself unlawful.

- 6 -

Second, in *Jenkins* we struck a special condition barring the defendant from "any direct contact with a person under the age of 18 unless it is supervised by a person approved of by the probation officer," 854 F.3d at 186, noting that it would "apply with full force to all routine family interaction -- for example, Thanksgiving dinners or seders or christenings," *id.* at 194. Again, in the instant case, there is no evidence that Lombardi poses a risk of harm to minors. Indeed, the district court accepted that Lombardi -- a first-time offender -- had not harmed children and did not pose a risk of harming children or others.

We therefore remand to the district court to reconsider Special Conditions 6 and 2 in light of our decision in *Jenkins*. The district court may invite the parties to further develop the record to support or oppose the imposition of Special Conditions 6 and 2, and keep, modify, or drop the conditions. *See United States v. Brown*, 402 F.3d 133, 139 (2d Cir. 2005). Moreover, while we do not believe that Lombardi has shown plain error with respect to the district court's imposition of Standard Conditions 6 and 12, as the case is being remanded in any event, the district court may choose to revisit them.

Accordingly, we **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk