17-3570-cr
*United States v. Monnat*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand nineteen.

Present:    GUIDO CALABRESI,
            ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

        v.                                              17-3570-cr

MICHAEL MONNAT,

                 *Defendant-Appellant*.

_____

For Defendant-Appellant:         MELISSA A. TOUHEY, Assistant Federal Public Defender *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY

For Plaintiff-Appellee:          RAJIT S. DOSANJH, Assistant United States Attorney (Miroslav Lovric, Assistant United States Attorney, *on the brief*) *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY

1

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence imposed by the district court is **VACATED and REMANDED**.

Michael Monnat appeals from a November 20, 2018 amended judgment imposing special conditions of release. Specifically, the conditions Monnat challenges prohibit him from having direct or indirect contact with a minor unless it is supervised and approved by a probation officer; require Monnat to avoid and remove himself from situations where he might have contact with a minor; and prohibit being in any area where minors are likely to congregate. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*                \*                \*

The district court first imposed the special conditions that Monnat challenges in this appeal as a component of Monnat's original sentence. Monnat subsequently violated these and other conditions of his supervised release. He was sentenced to eight months' imprisonment for the violation, his term of supervised release was extended to life, and the challenged conditions were reimposed over Monnat's counsel's objections. Although Monnat conceded that a life term of supervised release was appropriate, his counsel nevertheless objected to the imposition of these specific conditions.

Monnat does not challenge the legality of these conditions, but rather the district court's decision to impose them as part of his modified release. The government contends that the law of the case doctrine precludes Monnat from presenting arguments related to his underlying offense conduct or his personal background if they were raised before the district court during

his original sentencing. But we conclude that Monnat properly presented—and the district court properly considered—such arguments because the statute governing modification of conditions of supervised release, 18 U.S.C. § 3583(e), directs courts to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1).

We now turn to the substance of Monnat's appeal. We review the imposition of special conditions of supervised release for abuse of discretion. *United States v. McLaurin*, 731 F.3d 258, 261 (2d Cir. 2013). "A sentencing court may impose special conditions of supervised release" so long as they "are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (quotation marks and brackets omitted) (quoting *United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005)); *see also* 18 U.S.C. § 3583(d); *United States v. Betts*, 886 F.3d 198 (2d Cir. 2018) (applying same standard when reviewing imposition of conditions following violation of supervised release).

We have previously held that a condition prohibiting direct or indirect contact with minors may "inflict a greater deprivation on [a defendant's] liberty than is reasonably necessary" when coupled with a lengthy term of supervised release and a "constellation" of other onerous restrictions. *United States v. Jenkins*, 854 F.3d 181, 195 (2d Cir. 2017). Yet we have also recognized that "there are . . . cases in which" such conditions "would be required and reasonable." *Id.* Because the determination of whether a particular condition is appropriate involves a careful balancing of the deprivation imposed against the statutory purposes of sentencing, we defer to the district court, which has a better sense of the benefits and detriments

3

to the individual defendant.

The problem here is a procedural one. We require district courts "to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *Betts*, 886 F.3d at 202. "[F]ailure to do so is error." *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019).

"[T]he District Court did not adequately explain why" the conditions imposed here were "reasonably necessary to promote the relevant 18 U.S.C. § 3553(a) factors." *Id.* at 43. The district court concluded that Monnat has "a continued interest in minor female children" and that "he's not following the tools that were tried to be given to him to correct the problem that he has," but it failed to link those concerns to the specific conditions imposed, a necessary step given the specific objections made by Monnat's attorney at sentencing. Because the district court did not "explain its rationale," *id.*, we remand for further consideration.

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **VACATE and REMAND** the special conditions at issue with instructions that the district court provide a more specific statement of reasons as to the challenged conditions or, in the event that it decides to modify the sentence, any other conditions it may impose.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4