19-3356-cr
*United States v. Likens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty.

Present:
>JOHN M. WALKER, JR.,
>ROBERT A. KATZMANN,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                              No. 19-3356-cr

BROCK A. LIKENS, AKA BROCK LIKENS

>*Defendant-Appellant*.

---

For Appellee:                                       Geoffrey J.L. Brown, Carina H. Schoenberger, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:                     Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Brock Likens appeals from a judgment entered on October 3, 2019 by the United States District Court for the Northern District of New York (McAvoy, *J.*), convicting him of possessing, receiving, and distributing child pornography and sentencing him to 78 months of imprisonment followed by 15 years of supervised release. Specifically, Likens challenges the procedural and substantive reasonableness of (1) the length of the supervised release term and (2) two conditions of supervised release imposed by the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Length of Supervised Release Term

Likens first challenges the procedural reasonableness of the district court's imposition of a 15-year period of supervised release. In general, "[w]e review the reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam).[1]  A sentence is procedurally unreasonable if the district court: (1) "fails to calculate the Guidelines range"; (2) "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory"; (3) "does not consider the [18 U.S.C.] § 3553(a) factors"; (4) "rests its sentence on a clearly erroneous finding of fact"; (5) "fails adequately to explain its chosen sentence"; or (6) deviates from the Guidelines range it calculated without explanation.

---

[1]  Unless otherwise indicated, case quotations omit all internal quotation marks, footnotes, citations, and alterations.

*United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Although Likens argues that the district court failed to consider the § 3553(a) factors and explain its reasoning for imposing a 15-year term of supervised release, the record belies this claim. The sentencing transcript reveals that the district court explicitly considered the § 3553(a) factors, and also explained that the below-Guidelines sentence of incarceration was warranted based on specific factors such as Likens's background, the nature of the offense, and the importance of protecting the public from any future crime. While this reasoning preceded the district court's imposition of a term of imprisonment, there is no reason to believe it did not equally extend to the district court's imposition of a 15-year term of supervised release immediately thereafter. Accordingly, the district court did not err in imposing a 15-year term of supervised release.

To the extent Likens challenges the substantive reasonableness of the 15-year period of supervised release, his claim also fails. "A sentence is substantively unreasonable only if it cannot be located within the range of permissible decisions." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018). Here, the 15-year term of supervised release—towards the middle of the Guidelines range of five years to life—fits comfortably within the range of permissible outcomes in cases of this sort, and Likens offers no reason to think otherwise.

## II.     Special Conditions of Supervised Release

Likens also challenges the procedural and substantive reasonableness of two special conditions of supervised release imposed by the district court. The first condition forbids Likens from directly contacting children without prior permission of a probation officer, and the second forbids him from going to or remaining at any place where children are likely to congregate. Likens objected to these conditions below. "We review the imposition of conditions of

supervised release for abuse of discretion and any related legal rulings de novo." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). "A sentencing court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing," including "the need to protect the public from further crimes of the defendant." *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008); *see also* 18 U.S.C. § 3583(d).

Likens contends that the district court abused its discretion in imposing the two special conditions because Likens did not pose a great enough danger to children to justify the restrictions. While it is true that any condition must "involve no greater deprivation of liberty than is reasonably necessary" and be based on "an individualized assessment," *Eaglin*, 913 F.3d at 94, the district court satisfied these requirements by reasonably justifying its imposition of the conditions based on the facts of Likens's case. The district court found the conditions justified by, for example, the serious and violent nature of the child pornography that Likens possessed, as well as the circumstances in Likens's life showing impulsive behavior, such as alcohol abuse. These considerations support the conclusion that Likens posed a risk to children that the special conditions were reasonably necessary to mitigate.

Although the fact that Likens had never previously contacted or attempted to contact children arguably weighs against this conclusion, *see United States v. Jenkins*, 854 F.3d 181, 194 (2d Cir. 2017), we cannot say the district court abused its discretion by imposing the conditions in light of its reasoned and individualized assessment, *c.f. United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019). Nor can we conclude, on the facts of this case, that the contested special conditions involve a greater deprivation of liberty than is reasonably necessary given the facts and circumstances discussed by the district court.

We have considered Likens's remaining arguments and find in them no basis for reversal.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk