20-519-cr
*United States v. Monnat*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                           20-519-cr

MICHAEL MONNAT,

        *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | MELISSA A. TOUHEY, Assistant Federal Public Defender, *on the brief*, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY |
| For Appellee: | PAUL D. SILVER, Assistant United States Attorney, *on the brief*, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Monnat ("Monnat") appeals from a January 16, 2020 amended judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) imposing special conditions of supervised release. We previously remanded this case to the district court for further explanation of its reasons for imposing conditions that: (1) prohibited Monnat from having direct or indirect contact with minors without supervision and approval; (2) required him to avoid and to remove himself from situations in which he might have contact with a minor; and (3) prohibited him from being in any area where minors are likely to congregate. *United States v. Monnat*, 778 F. App'x 67, 67–68 (2d Cir. 2019) (summary order). On remand, the district court imposed similar, albeit less stringent, conditions that now prohibit Monnat from having direct contact with minors without prior approval by a probation officer—which the district court has now clarified "does not include incidental contact during ordinary daily activities in public places," App'x at 167—and from going to any place where minors are likely to congregate. In assessing Monnat's challenge to these new conditions, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*          \*          \*

We review the imposition of special conditions of supervised release for abuse of discretion. *United States v. McLaurin*, 731 F.3d 258, 261 (2d Cir. 2013). We have previously recognized that "courts have broad discretion to tailor conditions of supervised release." *United States v. Gill*, 523 F.3d 107, 108 (2d Cir. 2008) (per curiam) (internal quotation marks omitted)

2

(quoting *United States v. Myers*, 426 F.3d 117, 124 (2d Cir. 2005)). "A sentencing court may impose special conditions of supervised release" so long as the conditions are reasonably related to the Section 3553(a) factors that govern sentencing, "involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *Id.* at 109 (internal quotation marks and alteration omitted) (quoting *Myers*, 426 F.3d at 123–24); *see also* 18 U.S.C. § 3583(d). This framework requires a district court to "make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

The district court made the individualized assessment it was required to undertake in imposing the challenged conditions here. The district court expressly tailored its analysis to Section 3553(a) and described in detail how the conditions "reasonably relate[] to [Monnat's] offense of conviction" and "personal characteristics." App'x at 154–55, 157. In particular, the record establishes that Monnat has had inappropriate, albeit non-sexual, contact with minors. As the district court recounted, the offense of conviction stems from Monnat's conduct involving a 10-year-old girl who attended the school where he worked. Monnat exchanged e-mail messages with and took pictures of the girl, and he accessed her social media account on MySpace. After an investigation into this conduct, authorities executed a search warrant at Monnat's residence, which yielded 7,303 images and 37 video clips of child pornography, as well as numerous images of fully clothed minor girls who attended the school where Monnat worked. Monnat has since admitted that he took these pictures, and that he has also touched minors on a playground, for his sexual gratification. Upon consideration of this inappropriate contact—along with, *inter alia*, Monnat's failure to take responsibility for his actions, failure to make progress in his treatment,

3

and previous violation of the terms of his supervised release—the district court reasonably concluded that Monnat presents a risk to the community that warrants the challenged conditions.

Moreover, the district court sufficiently explained how the challenged conditions "involve no greater deprivation of liberty than is necessary to afford adequate deterrence of criminal conduct and to protect the public." App'x at 160. As the district court noted, the most recent iteration of the conditions expressly permit incidental contact with minors,[1] and they allow direct contact with minors with the permission of a probation officer. Overall, they require Monnat only to exercise commonsense judgment in his daily life and are minimally restrictive considering the risk he poses to the community. In light of the district court's thoughtful analysis, we can discern no abuse of discretion in its imposition of the challenged conditions.

*United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), on which Monnat relies, is not to the contrary. To be sure, in *Jenkins*, we observed that conditions prohibiting contact with minors may "'inflict[] a greater deprivation' on [a defendant's] liberty than is 'reasonably necessary'" when they accompany a lengthy term of supervised release and other onerous restrictions and when they are otherwise unwarranted by a defendant's "personal characteristics and the nature of his offense." *Id.* at 195 (quoting *United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002)). But we also recognized that in some cases, contact restrictions "would be required and reasonable." *Id.* This is one such case. Unlike the defendant in *Jenkins*, Monnat has had inappropriate contact with minors, has already violated the terms of his supervised release, and—despite a prior

---

[1] The express allowance of incidental contact was added after the most recent remand, and therefore the restrictions on his conduct now appear to be less stringent. Monnat's prior violations included at least some instances that could be characterized as "incidental contact," such as encountering a two-year-old child in the hallway of his apartment building or encountering minors in line at a McDonald's.

4

ambiguity in those terms—is no longer barred from incidental contact with minors. *See id.* at 194. Consequently, we reject Monnat's challenge to the conditions of his supervised release.

*       *       *

We have considered Monnat's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk