22-1095-cr
*United States v. Delaney*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

United States of America,
> *Appellee*,

v.                                                                            22-1095-cr

Jacob Delaney,
> *Defendant-Appellant*.

---

FOR APPELLEE:                     STEVEN D. CLYMER (Richard D. Belliss, Carina H. Schoenberger, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:          RICHARD D. WILLSTATTER (Theodore S. Green, *on the brief*), Green & Willstatter, White Plains, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Jacob Delaney appeals from the district court's judgment of conviction, entered on May 13, 2022, on one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). On appeal, Delaney challenges the district court's: (1) denial of his motion to suppress and (2) imposition of two special conditions of supervised release at sentencing that restrict his interaction with minors. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Background

On December 10, 2019, a federal magistrate judge approved a no-knock warrant to search Delaney's residence for evidence of child pornography-related offenses. In support of the warrant application, the government submitted a thirty-seven page sworn affidavit from FBI Special Agent David Fallon, which alleged that a "user of the Internet account at [Delaney's residence] ha[d] been linked to an online community of individuals who regularly send and receive child pornography via a website that operated on the Tor anonymity network." Appellant App'x at 76. The Tor network is "a computer network available to Internet users that is designed specifically to facilitate anonymous communication over the Internet." *Id.* It anonymizes communications by

routing user communications through a global relay of intermediary computers along randomly assigned paths. "Because a Tor user's communications are routed through multiple nodes before reaching their destination, when a Tor user accesses an Internet website, only the IP address of the last relay computer (the 'exit node'), as opposed to the Tor user's actual IP address, appears on that website's IP address log." *Id.* at 77. This routing makes it so that law enforcement cannot "use public lookups or ordinary investigative means to determine the true IP address – and therefore the location – of a computer server that hosts a hidden service." *Id.* at 79.

The affidavit asserted that, in August 2019, the FBI received a tip from a foreign law enforcement agency ("FLA") in a country with "an established rule of law." *Id.* at 82. The affidavit also attested that the FLA had provided reliable and accurate information to U.S. law enforcement in the past. According to the affidavit, the FLA determined that a user of an IP address "accessed online child sexual abuse and exploitation material via a website" on April 22, 2019.[1] *Id.* at 81. The FLA stated: "Users were able to view some material without creating an account. However, an account was required to post and access all content." *Id.* The affidavit did not define the terms "material" and "accessed." The affidavit described the "Tor-network-based website" as "an active online forum" that was "dedicated to the sexual exploitation of minor and/or prepubescent males." *Id.* at 79. The site allowed "users" to communicate with other "users, either within forums that were openly accessible to any user of the site, within forums only accessible to particular users, or in one-to-one private message chats between users." *Id.* "Child pornography

---

[1] The affidavit did not name the website, but it informed the court that the FLA had referred to the website by its actual name when relaying its tip to the FBI.

images and videos were trafficked through this chat site via the posting of web links within forum messages." *Id.* at 80.[2] The affidavit stated that accessing the website "required numerous affirmative steps by the user," including downloading Tor software and finding the site's 16- or 56-character web address, which was not readily accessible through a search engine. *Id.* at 84.

The affidavit went on to assert that publicly available information indicated that the user's IP address was registered to Charter Communications. In November 2019, an administrative subpoena was issued to Charter Communications, the results of which linked the IP address to Delaney. The affidavit reported that further investigation, including physical surveillance, confirmed the location of Delaney's residence. Agent Fallon asserted that, in his experience, individuals who have a sexual interest in children "often maintain their child pornography images in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area" and that these images "are often maintained for several years." *Id.* at 90. However, the affidavit provided no information indicating that Delaney had any history of inappropriate contact with children or with child pornography; the only evidence linking Delaney to such material was the single instance of the IP address assigned to him accessing the target site.

On December 12, 2019, law enforcement executed the search warrant at Delaney's residence and uncovered over 15,000 images and 290 videos involving minors engaged in sexually explicit conduct on multiple electronic devices. At the time of the search, Delaney told law enforcement that he used the Tor network to access child pornography.

---

[2] The affidavit suggested that the site functioned primarily as a forum for the sharing of links to other sites, and did not necessarily host images or videos itself.

Following Delaney's arrest, a grand jury returned an indictment charging him with one count of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and three counts of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Delaney moved to suppress both the physical evidence seized during the search of his residence and the statements he made to law enforcement during the search. In a decision dated July 19, 2021, the district court denied the suppression motion.

After the denial of his motion, Delaney pled guilty to all four counts in the indictment pursuant to a conditional plea agreement, in which he reserved his right to appeal the district court's suppression decision. The district court then sentenced Delaney principally to concurrent 78-month terms of imprisonment on each count of conviction, to be followed by ten years of supervised release, with certain special conditions. This appeal followed.

## II.    Motion to Suppress

Delaney challenges the district court's denial of his suppression motion, arguing that the district court erred in determining both that the warrant application was supported by probable cause and that the good faith exception to the Fourth Amendment's exclusionary rule applied. We affirm the district court's denial of the motion to suppress based on the good faith exception, without reaching the question of whether the warrant was supported by adequate probable cause.[3]

---

[3] Delaney points to several aspects of the underlying affidavit supporting the issuance of a warrant for no-knock entry into his home, which he argues, undermined any finding of probable cause in this case, including that it: (1) was based on a single event that occurred more than seven months before the warrant was signed; (2) used conclusory terms such as "accessed" and "material," without defining them; and (3) was internally inconsistent on important questions such as whether anyone who accessed the site, all "users," or only account holders, could access or view certain illegal material. We recognize that the lapse

5

On appeal from a district court's ruling on a motion to suppress evidence, we review legal conclusions *de novo* and findings of fact for clear error. *United States v. Ganias*, 824 F.3d 199, 208 (2d Cir. 2016) (en banc).

It is well established that "[w]hen an officer genuinely believes that he has obtained a valid warrant from a magistrate [judge] and executes that warrant in good faith," the good faith exception applies, and evidence seized pursuant to the warrant should not be suppressed. *United States v. Raymonda*, 780 F.3d 105, 118 (2d Cir. 2015). "[H]owever, the officer's reliance on the duly issued warrant 'must be objectively reasonable.'" *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). Accordingly, the good faith exception to the exclusionary rule does not apply "in at least four circumstances: (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Boles*, 914 F.3d 95, 103 (2d Cir. 2019) (quoting *Raymonda*, 780 F.3d at 118). "The burden is on the government to demonstrate the objective reasonableness of the officers' good faith reliance" on the search warrant at issue. *See United States v. George*, 975 F.2d 72, 77 (2d Cir. 1992).

---

of time and the nature and extent of access to the website at issue are important considerations for a judge in determining whether probable cause exists under the "totality-of-the-circumstances analysis." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). At the same time, "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules", *id.* at 232, and we do not attempt to do so here especially given the application of the good faith exception.

Delaney argues that the affidavit was so lacking in indicia of probable cause that it was unreasonable to rely on it. We find that argument unpersuasive. The affidavit was not so "bare bones" that it was "totally devoid of factual circumstances to support conclusory allegations," which, as we have emphasized, is "a very difficult threshold to meet." *United States v. Jones*, 43 F.4th 94, 112 (2d Cir. 2022) (internal quotation marks and citation omitted). The affidavit relied on a tip from the FLA, and provided context indicating that this source was reliable. The affidavit also reasonably supported the view that the affirmative steps necessary to access the website were inconsistent with what the district court described as "mere inadvertent access." Appellant's App'x at 204; *see also id.* at 83 (affidavit asserting: "[I]t is much more difficult to perform a Google-type search of hidden service websites than it is to search open Internet websites for particular content of interest."). Furthermore, the affidavit detailed the date the specific IP address accessed the website, as well as the subsequent law enforcement process that linked the IP address to Delaney. The affidavit acknowledged that the Tor network makes "traditional IP address-based identification techniques . . . not effective," and while it was deficient in not explaining how the FLA obtained its information, the affidavit also clearly stated that the user of the IP address identified in the FLA tip accessed the website at issue. *Compare* Appellant's App'x at 76–77, *with id.* at 81–82. In addition, the affidavit provided context, based on Agent Fallon's asserted law enforcement experience, suggesting a nexus between accessing a website dedicated to child pornography and possessing that material. Therefore, the information in the affidavit was not so "bare bones" to preclude application of the good faith exception. *Jones*, 43 F.4th at 112.

We also find unavailing Delany's contention that Agent Fallon's affidavit was unreasonably deficient under our decisions in *United States v. Falso*, 544 F.3d 110 (2d Cir. 2008) and *Raymonda*—two cases in which we concluded that the warrants lacked probable cause but that the good faith exception applied. At the outset, we note that where the facts underlying a search warrant affidavit may "create disagreement among thoughtful and competent judges as to the existence of probable cause," that does not render reliance on the warrant unreasonable. *Leon*, 468 U.S. at 926; *see also United States v. Eldred*, 933 F.3d 110, 120 (2d Cir. 2019) (explaining that "the exclusionary rule cannot be used to penalize law enforcement officers for" an error by the magistrate judge in issuing the warrant). In any event, neither *Falso* nor *Raymonda* supports the argument that it was unreasonable for Agent Fallon to rely on the warrant once it had issued. In *Falso*, we found that an affidavit failed to establish probable cause where "it was alleged only that [the defendant] '*appeared*' to 'have gained *or* attempted to gain' access to a site that contained approximately eleven images of child pornography" on the Internet. 544 F.3d at 113 (emphases in original). We emphasized that the affidavit lacked any allegation that the defendant "in fact accessed the website at issue" or "accessed, viewed or downloaded child pornography." *Id*. at 113, 121. Some years later, in *Raymonda*, we similarly found deficient an affidavit that had "no evidence suggesting that the user had deliberately sought to view" child pornography on the open Internet and contained other information that suggested that the website could have been accessed through an "innocuous link." 780 F.3d at 117. Yet, in both cases, we found that the good faith exception applied, and the evidence should not be suppressed. The same result is appropriate here.

8

Delaney's argument that application of the good faith exception is inappropriate because the affidavit was designed to mislead the magistrate judge also fails. He contends that the affidavit failed to disclose that he had no prior criminal history, was not a registered sex offender, and that FBI database searches "did not identify any derogatory information" about him. Appellant's App'x at 64. He also points to the fact that an internal FBI memorandum recommended an additional investigative step that the agency declined to pursue. However, our precedent establishes that an omission makes an officer's reliance on an affidavit unreasonable only where the "omitted information was clearly critical to assessing the legality of a search." *United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir. 1996), *aff'd on reh'g*, 91 F.3d 331 (2d Cir. 1996) (per curiam) (internal quotation marks and citation omitted). Here, nothing suggests that these facts were critical to the probable cause determination. At most, such information would have suggested that Delaney was a possible first-time offender. As we have explained, we "expect that when a magistrate [judge], mindful of the government's burden to demonstrate probable cause, reviews a warrant application that does not report a prior conviction for a particular crime, the magistrate [judge] assumes for purposes of determining whether the government has carried its burden that no such conviction exists." *Walczyk v. Rio*, 496 F.3d 139, 161 (2d Cir. 2007). In short, Delaney points to no omitted information that was critical to the probable cause determination.

Finally, there is no evidence that the magistrate judge was not "independent of the police and prosecution" or that he abandoned his "judicial neutrality and detachment" when he approved the warrant. *Clark*, 638 F.3d at 101.

Accordingly, the district court correctly concluded that the good faith exception to the exclusionary rule applied and, thus, did not err in denying Delaney's motion to suppress.

## III.  Special Conditions

Delaney also challenges the district court's imposition of Special Conditions 1 and 3 during his supervised release term.  Special Condition 1 prevents Delaney from having "direct contact" with anyone under the age of 18 without the permission of a probation officer but does not prohibit "incidental contact during ordinary daily activities in public places."  Appellant's App'x at 324.  Along similar lines, Special Condition 3 provides that Delaney "shall not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18."  *Id.*

We review the imposition of special conditions for abuse of discretion.  *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008).  "District courts possess broad discretion in imposing conditions of supervised release."  *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  "A sentencing court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing[.]"  *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(d).  In imposing special conditions, "[a] district court is required to make an individualized assessment . . . , and to state on the record the reason for imposing it; the failure to do so is error."  *Betts*, 886 F.3d at 202.  The district court's explanation must be "adequately supported by the record."  *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019).

Delaney contends that the district court did not adequately justify its imposition of Special Conditions 1 and 3.  We disagree.  In imposing the special conditions, the district court determined

10

that they were necessary to "reasonably protect the public from further crimes of the defendant and promote the rehabilitation of the defendant." Appellant's App'x at 311; *see also id*. ("These special conditions are reasonably related to the sentencing factors set forth in 18 U[.]S[.] Code Section 3553(a)(1) and (a)(2)."). The district court further explained that "[special] conditions 1 . . . and 3 are necessary to protect the public from further crimes that [Delaney] may commit" because some of the child pornography possessed by Delaney "involved prepubescent minors." *Id.* at 312. The district court also indicated its awareness that the special conditions should involve "no greater deprivation of liberty than is reasonably necessary," as set forth in 18 U.S.C. § 3583(d), and noted that the conditions it imposed based on the record at the time of sentencing "are fluid and will be assessed both upon [Delaney's] release from imprisonment and throughout the term of supervised release and may be supplemented, modified, or removed based upon risk and needs that the defendant presents." Appellant's App'x at 311. In light of the district court's articulation of these considerations and its reasoning, we conclude that this is not a case where the court did not fulfill its obligation to individually assess the facts of Delaney's case and to "adequately explain" why the conditions were necessary under the applicable legal standard. *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019) (per curiam).

Delaney also argues that the district court abused its discretion in imposing the special conditions based on the need to protect the public because the district court noted, in the context of denying Delaney's motion for bail pending appeal, that it "[didn't] think [Delaney is] going to go out and commit more crimes." Appellant's App'x at 315. However, that argument overlooks that Delaney's pretrial supervision included highly restrictive conditions designed to protect the

11

public, including home confinement, location monitoring, and a prohibition on unsupervised direct or indirect contact with children. In short, the district court's statements in connection with the motion for bail pending appeal did not preclude the court from determining at sentencing, in its discretion, that these special conditions were necessary upon Delaney's release from imprisonment based upon the factors under 18 U.S.C. § 3553(a).

Moreover, to the extent Delaney suggests that the district court could not reasonably impose these special conditions because "Delaney never contacted or attempted to contact any minors," we disagree. Appellant's Brief at 58 (internal quotation marks and citation omitted). Notwithstanding the absence of evidence that Delaney had any physical contact with a minor, the district court acted within its discretion in concluding that these restrictions were reasonably necessary to protect the public and to aid Delaney's rehabilitation because of Delaney's particular offense conduct, including the volume and nature of the images of child pornography he possessed. Indeed, we have affirmed the imposition of similar special conditions for child pornography offenses based upon a district court's individualized assessment of the applicable Section 3553(a) factors, even where there was no evidence in the record that the defendant had sexually abused a child or attempted to do so. *See, e.g.*, *United States v. Skvarla*, 847 F. App'x 76, 77 (2d Cir. 2021) (summary order); *United States v. Jenkins*, 832 F. App'x 736, 739 (2d Cir. 2020) (summary order); *United States v. Likens*, 831 F. App'x 22, 24 (2d Cir. 2020) (summary order); *United States v. Safford*, 814 F. App'x 638, 642 (2d Cir. 2020) (summary order).

Finally, we find unpersuasive Delaney's argument that Special Condition 3 is unconstitutionally vague or overbroad. As we have determined in several summary orders,

"[p]ersons of ordinary intelligence are capable of understanding that having the primary purpose of observing children differs from engaging in activities where observation is merely incidental or accidental." *Skvarla*, 847 F. App'x at 78 (quoting *Safford*, 814 F. App'x at 643 and citing *United States v. Robinson*, 815 F. App'x 583, 586 (2d Cir. 2020)). Although these summary orders are non-binding, we find no basis to depart from the well-reasoned analysis contained in our prior decisions.

*          *          *

We have considered Delaney's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court