23-6035-cr
*United States v. Dixon*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-four.

Present:

> REENA RAGGI,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

> No. 23-6035-cr

DAMISE DIXON,

> *Defendant-Appellant.*\*

---

For Appellee:                                  Thomas R. Sutcliffe, Emmet O'Hanlon, Assistant United States Attorneys *for* Carla B. Freedman, United States Attorney for the Northern

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

District of New York,
Syracuse, NY.

For Defendant-Appellant:                                  James P. Egan,
                                                         Assistant Federal Public
                                                         Defender, Syracuse, NY.

Appeal from a January 11, 2023 judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Damise Dixon appeals from the district court's judgment of revocation of supervised release, which sentenced Dixon to a term of 15 months' imprisonment followed by 24 months' supervised release.[1]   At the revocation hearing, the district court imposed several special conditions as terms of Dixon's supervised release.   One condition requires Dixon's participation in mental health treatment.   Dixon now challenges this condition, arguing that the district court erred because the record did not clearly support the imposition of a mental health treatment condition.   We disagree.

During the revocation hearing, the district court informed Dixon that he:

[M]ust participate in a mental health program, which may include medical, psychological, or psychiatric evaluation and outpatient treatment as recommend[ed] by the treatment provider based upon [his] risk and needs. [Dixon] may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court.

---

[1] Dixon was originally convicted for distributing cocaine base and heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) as well as 21 U.S.C. § 841(a)(1) and (b)(1)(C), for which he was sentenced to 36 months' imprisonment and four years of supervised release in 2020.   He was released to supervision in February 2022.   The probation office filed a petition to revoke Dixon's supervision on November 16, 2022.

App'x at 126–27. Thus, the challenged condition requires Dixon to undergo mental health treatment if his treatment provider recommends it. Dixon did not object to this condition before the district court.

"Generally, we review conditions of supervised release for abuse of discretion. When the defendant does not object to the conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (citation omitted). To show plain error, a defendant must show that "(1) there is an error; (2) the error is clear or obvious . . .; (3) the error affected the defendant's substantial rights . . .; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Bastian*, 770 F.3d 212, 219-20 (2d Cir. 2014) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). At times, we have applied "a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). Even under a relaxed plain error standard of review, we conclude that the district court did not err in imposing Dixon's challenged special condition of supervised release.

District courts possess broad discretion in imposing conditions of supervised release. *United States v. Gill*, 523 F.3d 107, 108 (2d Cir. 2008) (per curiam). However, such conditions must involve "no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing," be "consistent with pertinent Sentencing Commission policy statements," *id.* at 109 (quoting *United States v. Myers*, 426 F.3d 117, 123-24 (2d Cir. 2008)), and be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)," 18 U.S.C. § 3583(d)(1). Furthermore, sentencing courts are "required

3

to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

Dixon argues that the information relating to his mental health on which the district court relied, including his "self-reported situational feelings of depression and anxiety," was both insufficient to justify the condition and "stale," given that it was based on the presentence report prepared several years earlier for his underlying conviction. Appellant's Br. at 6. We disagree.

First, the district court made clear at the revocation hearing that it was relying not only on the prior presentence report but also Dixon's recent conduct. The court explained that all the special conditions it was imposing were "necessary and justified . . . based upon the nature of the instant offense as well as the history and characteristics of the defendant as outlined in detail in the presentence report, based on his conduct while in the community during his first term of supervised release, and to promote rehabilitation." App'x at 125. With regard to Dixon's conduct while on supervised release for his underlying drug conviction, the court highlighted his repeated selling of marijuana, as well as the fact that the court had previously "tried to get him on the right track simply by modifying his supervision," but his conduct continued. App'x at 124. The court found this conduct to be "very troubling" and "very, very concerning" because Dixon "knew he was on supervision," yet "his conduct didn't stop." *Id.*; *see United States v. Quarterman*, 739 F. App'x 60, 61–62 (2d Cir. 2018) (summary order) (affirming mental health treatment condition where record showed defendant's history of substance abuse and difficulties "adjusting to supervised release").

4

Second, the district court further justified its imposition of the mental health treatment condition by properly relying upon the presentence report in Dixon's underlying case, which included Dixon's prior "self-reported concerns with depression." App'x at 127. Dixon had told the probation office that he was "feeling depressed and having anxiety over his current legal situation," and shared that he believed that he may have participated in some form of counseling as a child. Presentence Investigation Report ¶ 47. The district court concluded that these statements also justified a condition of mental health treatment to "further assess this issue and to secure any necessary resources that may aid [his] rehabilitation." App'x at 127. These disclosures, coupled with Dixon's conduct while on supervision, were sufficient under a plain-error, or even a relaxed plain-error, analysis for the district court to reasonably conclude that Dixon might need psychological treatment, thus justifying the imposition of a special condition of mental health treatment. *See United States v. Peterson*, 248 F.3d 79, 84 (2d Cir. 2001) (per curiam) (holding that a district court is permitted to "require as a special condition of [supervised release] that a defendant participate in a mental health program '[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment'" (quoting U.S.S.G. § 5B1.3(d)(5))).

Finally, we note that Dixon has the option of seeking modification of the mental health treatment condition before the district court at a later time as circumstances warrant. *See United States v. Belfon*, No. 21-1444, 2023 WL 2342688, at *2 n.5 (2d Cir. Mar. 3, 2023) (summary order) (upholding mental health treatment condition and noting that the defendant could "move the district court to 'modify, reduce, or enlarge the conditions of supervised release' by removing the mental-health-treatment condition" (quoting 18 U.S.C. § 3583(e)(2))).

5

For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6