23-6885-cr
United States v. O'Bryan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-four.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                              No. 23-6885-cr

THOMAS O'BRYAN,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:                    Molly K. Corbett, Assistant Federal Public Defender, Office of the Federal Public Defender for the Northern District of New York, Albany, NY

FOR APPELLEE:                  Rajit Singh Dosanjh, Jonathan S. Reiner, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the case is REMANDED in part for further proceedings consistent with this order.

Defendant-Appellant Thomas O'Bryan appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) convicting him, following a guilty plea, of two counts of possession and one count of distribution of child sexual abuse material ("CSAM") in violation of 18 U.S.C. § 2252A(a)(2)(A) and (a)(5)(B). The District Court sentenced O'Bryan

principally to 110 months' imprisonment followed by 15 years' supervised release. It also imposed eight special conditions of supervised release, three of which O'Bryan challenges on appeal. The first two (Special Conditions 2 and 3) limit O'Bryan's proximity to children in public places. The other (Special Condition 6) limits O'Bryan to possessing one personal internet-capable electronic device. The District Court's final oral pronouncement imposing Special Condition 6, however, diverges from its written judgment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand.

## I. Place Restrictions (Special Conditions 2 and 3)

O'Bryan first contends that the District Court did not adequately justify its imposition of Special Condition 2 ("You shall not go to, or remain at, any place where you know children under the age of 18 are likely to congregate, including parks, schools, playgrounds, and childcare facilities without the permission of the probation officer") and Special Condition 3 ("You shall not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18"). *See* App'x 136.

"A sentencing court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve [] no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (quotation marks omitted). In imposing a condition, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Because O'Bryan was notified of the challenged special conditions prior to sentencing but failed to object to them, we review his challenge for plain error. *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). "[R]eversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (quotation marks omitted).

Here, the District Court explained that the conditions it imposed were "necessary and justified" to "promote rehabilitation" and were "based upon the nature of the instant offense as well as the history and characteristics of the defendant," which included "possession and distribution of . . . [t]wenty-one

4

videos and one image depicting child pornography" during an "approximately seven-month period." App'x 119. The District Court emphasized that O'Bryan viewed and distributed material involving the sadistic and masochistic sexual abuse of very young children, "admitted to masturbating while viewing" CSAM, and "learn[ed] specific language to seek out and access" CSAM through a social media application. App'x 119–20. We find no plain error in the District Court's explanations in support of these conditions.

To the extent O'Bryan claims that the District Court could not reasonably impose these two special conditions given his "lack of personal history of any contact or inappropriate contact with minors," Appellant's Br. 21, we disagree. The federal criminal code authorizes the District Court to impose a special condition "*reasonably related*" to "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §§ 3583(d)(1), 3553(a)(1) (emphasis added). The District Court did not plainly err in finding that the restrictions were reasonably necessary in view of the volume and nature of CSAM O'Bryan possessed and distributed. *See United States v. MacMillen*, 544 F.3d 71, 75 (2d Cir. 2008). Thus, the District Court did not plainly err in imposing Special Conditions 2 and 3.

5

## II.    Internet-Capable Device Restriction (Special Condition 6)

At sentencing, the District Court initially pronounced Special Condition 6 as follows: "You may be limited to possessing only one personal internet-capable device to facilitate U.S. Probation Office's ability to effectively monitoring [sic] internet-related activities."  App'x 123.  Both defense counsel and the Government objected because the condition impermissibly delegated decision-making authority to the Probation Office.  *See United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015).  In response, the District Court orally amended the condition and clarified that it was "going to control this special condition, not the probation office."  App'x 126.  O'Bryan did not further object.  But on appeal he now argues that the "limit of one personal internet access device for Mr. O'Bryan's use unreasonably infringes on a protected liberty interest."  Appellant's Br. 24.

Reviewing for plain error, we disagree.  Monitoring conditions "must be narrowly tailored, and not sweep so broadly as to draw a wide swath of extraneous material into [their] net."  *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004).  But "[w]e do not suggest that such a severe restraint on internet

access could never be warranted," only that "it would require particularized justification by the court." *United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2023).

Here, the District Court explained that it imposed the Computer and Internet-Monitoring program as a condition because, among other things, it was the "best" and "least restrictive" way to "protect the public from further crimes" by O'Bryan short of a complete internet ban. App'x 120. The single internet-capable device restriction, the District Court found, was the "only effective way" to "appropriately monitor" O'Bryan's internet activity and was also "warrant[ed]" by O'Bryan's "crime of conviction," which he perpetrated on multiple electronic devices. App'x 125.

The District Court described the one-device limitation as an "initial step" of the computer monitoring program, which could be lifted if O'Bryan complied with the restrictions on his internet use:

> if they [Probation] tell me, which I expect them to do in communicating continuously with the Court, that they feel that he should have assess [sic] to more than one, that there's no threats, it's perfectly appropriate, I will authorize that and allow him to have two, three or whatever. They are at a point where they feel like they can manage and do so effectively and not risk it, any further criminal behavior. So that's my ruling.

App'x 126. The provisional and temporary nature of the one-device limitation renders it more particularized and less restrictive than it might otherwise have been. But we do not address whether the District Court should have provided further explanation or imposed a less restrictive condition on the number of internet-capable devices O'Bryan may possess. Instead, on plain error review, we simply find no "clear" or "obvious" error here, *United States v. Olano*, 507 U.S. 725, 734 (1993), given the lack of controlling precedent describing the "particularized findings" that are necessary in this particular context of limiting a supervisee to just one internet-connected device, and given the District Court's effort to link the one-device limitation to the circumstances of O'Bryan's case.

Finally, although the District Court orally amended Special Condition 6 following the parties' objections, the written judgment reflects its pre-objection form. We therefore direct the District Court, on remand, to vacate Special Condition 6 of the written judgment and impose in its place a version conforming to the ultimate oral pronouncement. *See United States v. Traficante*, 966 F.3d 99, 105 (2d Cir. 2020).

We have considered O'Bryan's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District

8

Court is AFFIRMED in part and the case is REMANDED in part with instructions to vacate and amend the written judgment to conform to the ultimate oral pronouncement as to Special Condition 6.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court