23-7160-cr
*United States v. Allen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
>
> PIERRE N. LEVAL,
> DENNY CHIN,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                            23-7160-cr

THOMAS ALLEN,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | RAJIT S. DOSANJH, Assistant United States Attorney (Richard D. Belliss, Assistant United States Attorney of Counsel, *on the brief*), *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | MOLLY K. CORBETT, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** and the case is **REMANDED** for further proceedings consistent with this summary order.

Defendant-Appellant Thomas Allen appeals from a judgment of revocation of supervised release entered on September 13, 2023, in the United States District Court for the Northern District of New York (D'Agostino, *J.*), sentencing him principally to 14 months' imprisonment followed by 10 years' supervised release. On appeal, Allen challenges the substantive reasonableness of the term of supervised release. He also challenges a portion of one of ten special conditions of supervised release imposed by the District Court (Special Condition 6) which limits Allen to possessing one personal internet-capable electronic device. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to **AFFIRM** and to **REMAND** to the District Court with instructions to amend the written judgment as to Special Condition 6 so that it conforms to the District Court's final oral pronouncement imposing that condition.

I.    **Term of Supervised Release**

In 2012, Allen pleaded guilty to a one count information charging him with failure

2

to register and update registration under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Allen's ultimate sentence (after an appeal and remand) was principally a 20-month term of imprisonment to be followed by a 10-year term of supervised release. Since his release, Allen has had his supervised release revoked due to violations of the terms of supervised release six times—in 2016, 2018, 2020, 2021, 2022, and 2023. On each occasion, the District Court has imposed a term of imprisonment within the Guidelines range and a 10-year term of supervised release.

In appealing his most recent revocation, Allen first argues that the District Court abused its discretion in imposing a 10-year term of supervised release on the grounds that this term is substantively unreasonable. "Sentences for violations of supervised release are reviewed under 'the same standard as for sentencing generally: whether the sentence imposed is reasonable.'" *United States v. Ortiz*, 100 F.4th 112, 119-20 (2d Cir. 2024) (quoting *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018)). Reasonableness in this context is "a particularly deferential form of abuse-of-discretion review . . . ." *United States v. Davis*, 82 F.4th 190, 195-96 (2d Cir. 2023) (quoting *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012)). "Review for substantive reasonableness requires that we consider 'the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion and bearing in mind the institutional advantages of district courts.'" *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quoting *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016)). Sentences are "reverse[d] for substantive unreasonableness

only when the trial court's sentence cannot be located within the range of permissible decisions." *Smith*, 949 F.3d at 66 (citation omitted).

Courts may revoke supervised release after considering relevant sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3583(e), 3553(a). If revoked, the District Court may impose an additional term of supervised release to follow imprisonment as part of its new sentence. 18 U.S.C. § 3583(h). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.*

Considering the totality of the circumstances and the deferential standard of review, we conclude that the term of supervised release imposed here is not substantively unreasonable.

First, Allen's term of supervised release did not exceed the length authorized for his underlying SORNA conviction which permits up to a life term of supervised release. *See* 18 U.S.C. §§ 3583(h); 3583(k). Second, it is clear that the District Court's reimposition of a 10-year term of supervision was supported by the § 3553(a) factors—specifically, the "nature and circumstances of the offense," Allen's "history and characteristics," and the need to "protect the public from further crimes of the defendant."

4

At sentencing, the District Court stated that given Allen's "history with all of these violations"—many of which involved obtaining unauthorized electronic devices and creating fictitious internet personas to meet women with children from whom he hid his designation as a sex offender—"he is still a danger to the community and I cannot justify in my analysis any lesser period of time." App'x 133-34. The District Court reasonably concluded that continued supervision was necessary to monitor Allen and ensure his safe transition back into the community. *See United States v. Leon*, 663 F.3d 552, 555 (2d Cir. 2011) (per curiam) ("[A] defendant's violation of the terms of his supervised release 'tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed.'").

Allen's sentence is consistent with all relevant statutory requirements and is not "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (citation omitted). Accordingly, we conclude that the district court did not abuse its discretion in imposing a 10-year term of supervised release.

## II. Internet Capable Device Restriction

At sentencing, Allen waived a reading of the special conditions but objected to a portion of Special Condition 6 that stated in relevant part: "You may be limited to

5

possessing one personal internet capable device to facilitate the U.S. Probation Office's ability to effectively monitor your internet related activities." App'x 144. Defense counsel argued that this special condition impermissibly delegated decision-making authority to the Probation Office. In response, the District Court orally amended Special Condition 6 to clarify that the court was imposing the single internet-capable device restriction itself and not delegating the authority to do so to the Probation Office. Allen did not further object. Now on appeal, Allen argues that the District Court did not make sufficiently particularized findings to justify limiting him to a single personal internet access device.

"[W]hen a defendant fails to object to an alleged sentencing error before the district court, we will ordinarily consider any later objection forfeited on appeal unless the defendant can meet the plain-error standard." *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023). Although Allen objected on the grounds that Special Condition 6 improperly delegated authority to the Probation Office, he did not object to the sufficiency of the District Court's explanation for the oral amended condition. And "[t]o preserve an objection for appellate review, a defendant must articulate it to the trial court 'with sufficient distinctness to alert the court to the nature of the claimed defect.'" *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *United States v. Gallerani*, 68 F.3d 611, 617 (2d Cir. 1995)). Accordingly, we review for plain error.

6

"A sentencing court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve [ ] no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (per curiam) (quotation marks omitted). "A district court is required to make an individualized assessment . . . and to state on the record the reason for imposing [the special condition]." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). We have acknowledged that "a restriction limiting a supervisee to just one internet-connected device would pose a significant burden on his liberty." *United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2023) (citing *United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015)). But we have "not suggest[ed] that such a severe restraint on internet access could never be warranted," only that "it would require particularized justification by the court." *Id.*

Here, the District Court explained that because Allen has repeatedly "had data storage devices and internet capable devices that probation has not been aware of," imposing a single internet-capable device condition was "narrowly tailored" to "fit this defendant's profile." App'x 132-33. In addition, the District Court emphasized how, given Allen's history of misusing the internet while on supervised release, "it would be very difficult for the probation office to have to be monitoring multiple devices during the period of supervision." App'x 132. The District Court also described the single-

7

device limitation as "fluid" and noted that the conditions can be "added to or subtracted based upon what the Court sees after this latest period of incarceration." App'x 132. The provisional and temporary nature of the limitation renders it more particularized and less restrictive than it otherwise might have been. *See United States v. O'Bryan*, 2024 WL 3219137 at *2 (2d Cir. June 28, 2024) (summary order).

We do not address whether the District Court should have provided further explanation to justify the single-device condition. Instead, on plain error review, we simply find that there was no "clear and obvious" error, *United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020), given the District Court's effort to connect the one-device limitation to the circumstances of this case and the lack of controlling precedent describing the "particularized findings" that are necessary to impose such a condition.

Although the District Court orally amended Special Condition 6 following defense counsel's objection, the written judgment reflects its pre-objection form. We therefore direct the District Court, on remand, to amend the written judgment with regard to Special Condition 6 so that the written judgment conforms to the oral pronouncement of this condition. *See United States v. Peguero*, 34 F.4th 143, 165 (2d Cir. 2022).

\* \* \*

We have considered Allen's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED** and the case is **REMANDED** with instructions to amend the written

8

judgment as to Special Condition 6 so that it conforms to the oral pronouncement of this condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk